The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ABDUL QASIM RAY ZAHIR,<br>Defendant. | NO. CR22-144 RSM<br><br>UNITED STATES SENTENCING MEMORANDUM |

## I. Introduction.

Abdul Zahir shot and killed A.V., ending a life and causing anguish for his family and the greater community. Zahir's conduct was entirely unjustified under the law and the circumstances of this case. Zahir needlessly shot A.V. at near point-blank range – through the back of the head and the heart – as A.V. was mouthing off and walking towards a woman who had annoyed him by unplugging a power tool he was using. A.V. was unarmed.

It would be bad enough if Zahir had brought a gun to a proverbial knife fight – or even a fist fight. But worse, he brought (and used) a gun in the face of nothing more than a verbal altercation. The Court should impose a near high-end sentence of 216 months to achieve the statutory goals of sentencing.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. The Sentencing Guidelines Calculations.

The government concurs with the Sentencing Guidelines calculations in the Presentence Report. Specifically, the total offense level is 26; Zahir falls within Criminal History Category III; and there is a resulting advisory Guidelines range of 198-217 months (78-97 months for Count 1 and a mandatory consecutive term of 120 months for Count 2).

## III. Sentencing Recommendation.

The government recommends that the Court sentence Zahir to a total term of imprisonment of **216 months** and a term of supervised release of five years, with all the conditions of supervised release recommended by the Probation Office. The various statutory sentencing factors support a custodial sentence of 216 months in this case, including, most prominently, the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the history and characteristics of the defendant; and the need for the sentence to afford adequate deterrence to criminal conduct.

### A. The Nature/Circumstances of the Offense and the Need for the Sentence to Reflect the Seriousness of the Offense and to Provide Just Punishment.

Zahir's offense resulted in A.V.'s death; by its very nature, this offense is about as serious as it gets. But even for a homicide case, there are several aggravating aspects of Zahir's offense conduct that warrant a sentence of 216 months, near the high end of the Guidelines range.

First, the circumstances of the homicide make clear how incredibly reckless and dangerous Zahir's conduct was. Zahir and A.V. were acquaintances and, for a couple of months, had been working together on a vehicle that was stored in Zahir's garage. PSR ¶ 21. In the moments before the homicide, a few people were hanging out in the garage, including Zahir, A.V., and G.B. PSR ¶ 16. G.B. was annoyed at the loud noise coming from a power tool A.V. was using. PSR ¶ 16. G.B. unplugged the tool in mid-use, angering A.V. PSR ¶¶ 16-17. A.V. became upset and started walking toward G.B. making angry comments such as calling her a "bitch" and saying he would get her



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

"kicked out." PSR ¶ 17. A.V. was not armed with a firearm or any other weapon and was not known to be a violent person. PSR ¶ 19. As A.V. was walking towards G.B., Zahir brandished a pistol and shot A.V. multiple times, killing him. PSR ¶¶ 16-17, 28. Zahir shot A.V. through the back of the head, the heart, and the shoulder. PSR ¶ 28. Although G.B. was fearful as A.V. approached her, even she knew that the shooting was reckless and unjustified. PSR ¶ 19.

Second, some of the surrounding circumstances paint an aggravated picture of an already serious violent crime, including: G.B. was at Zahir's residence to purchase controlled substances ("blues") from Zahir, PSR ¶ 17; at the time of the homicide, Zahir was wearing an ankle monitor because he was on release for pending violent felony charges in King County Superior Court, PSR ¶ 15; Zahir had previously talked about wanting to shoot A.V. in the head, PSR ¶ 18; and after the shooting, Zahir refused to provide aid to A.V. or call the police, despite G.B.'s urging. PSR ¶ 17.

Third, in addition to the firearm he used to kill A.V., Zahir had a large cache of firearms and ammunition. PSR ¶¶ 22-26. Zahir's arsenal included:




The ghost gun Zahir used to kill AV with affixed metal cylinder



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970






Drum magazine, banana clips, and loaded extended firearm magazines in Zahir's bedroom



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Numerous boxes of live ammunition located in Zahir's bedroom:










UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

From Zahir's garage, where the homicide occurred, agents also recovered three additional "ghost gun" firearms with no serial numbers, including two AR-15 style assault rifles and one modified .22 caliber pistol. PSR ¶ 26. Other items recovered from Zahir's residence made clear that he was directly involved in the manufacture of ghost guns. *See* PSR ¶ 14 (officers seized items and tools related to the private manufacturing of firearms, including a drill press, small lathe, and numerous firearms parts); PSR ¶ 18 (Zahir told a witness that all of his firearms were homemade); PSR ¶ 27 (Zahir told another witness that he was making firearms).

**B. Benefits to Zahir Under the Plea Agreement.**

In determining the appropriate sentence to impose, the Court should be mindful of the significant benefits that were conferred upon Zahir in the plea agreement.

First, the government agreed to dismiss the originally filed charge of Murder in the Second Degree and allowed Zahir to enter a guilty plea to the lesser included offense of Voluntary Manslaughter. *See* Dkt. 23 (Superseding Indictment charging Murder in the Second Degree); Dkt. 37 (Plea Agreement to Voluntary Manslaughter). This substantially reduced the advisory Sentencing Guidelines range on Count 1 from 210-262 months (Murder in the Second Degree) to 78-97 months (Voluntary Manslaughter).

Second, as part of the plea agreement, Zahir received a windfall in the form of the agreement by the King County Prosecuting Attorney's Office to recommend the sentences in two pending state cases be run entirely *concurrent* with the sentence in the instant federal case, so long as Zahir enters guilty pleas in those cases to the offenses of Attempted Robbery in the First Degree, Unlawful Possession of a Firearm, and Possession of a Stolen Vehicle. Plea Agreement ¶ 12. This is an enormous benefit for Zahir, because one of these cases involved violent felony offenses committed with a firearm. PSR ¶ 30-34 (describing armed robbery of Costco jewelry store during which Zahir discharged a firearm into the ceiling and pointed a gun at an employee while ordering him to "get down or get out").



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C. The Defendant's History and Characteristics.**

Zahir's history and characteristics contain both aggravating and mitigating factors. The most notable aggravating factor is Zahir's lengthy and serious criminal history. *See* USPO Sentencing Recommendation at 5 ("Zahir's criminal history is replete with bad acts and serious criminal convictions."). Zahir has prior adult felony convictions for a firearm offense involving apparent drug trafficking, PSR ¶ 65, and a federal drug trafficking offense for which he served a 120-month sentence. PSR ¶ 66. He has a plethora of other convictions for juvenile offenses and adult misdemeanor crimes. PSR ¶¶ 55-69. Moreover, Zahir was under supervision at the time he committed the instant homicide offense. PSR ¶ 71. Notably, Zahir's Criminal History Category of III significantly understates the seriousness of his criminal history because many of his convictions do not score and the pending matters in King County Superior Court are not factored in. *See* PSR ¶ 150. Based on Zahir's history, "[t]here is a pressing need to deter and [] protect the community from further violent/criminal acts of this defendant." USPO Sentencing Recommendation at 5.

On the other hand, several aspects of Zahir's background are mitigating. Zahir had serious challenges during his upbringing and has long suffered from substance abuse and cognitive issues. All of this is reflected in his high ACEs score of nine. PSR ¶ 113. However, the benefits Zahir received through the plea agreement in this case (as discussed above) already adequately account for this mitigating information and should not weigh in favor of a below-Guidelines sentence.

**D. Impact on the Victim and his Family.**

Zahir's offense had a devastating impact on A.V.'s family and the greater community. The U.S. Attorney's Office is working with A.V.'s family members to determine whether any restitution will be sought and to arrange for a family member to address the Court at sentencing to provide background and personal information about A.V.

//

//



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. Conclusion.

For all the reasons set forth above, the government recommends that the Court sentence Zahir to a term of imprisonment of 216 months and a term of supervised release of five years, with all of the conditions of supervised release recommended by the Probation Office.

DATED this 10th day of September, 2026.

Respectfully submitted,

*s/ Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-2636
Fax: 206-553-4440
Email: Todd.Greenberg4@usdoj.gov